NORMAN E. KENNELLY AND SELMA KENNELLY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1962–69.   Filed August 9, 1971.

*Gabriel T. Pap*, for the petitioner.
*Michael A. Menillo*, for the respondent.

QUEALY, *Judge:* The respondent determined deficiencies in the Federal income taxes of the petitioners as follows:

| Year | Deficiency |
| --- | --- |
| 1965 | $1, 005. 34 |
| 1966 | 568. 43 |

As to both of the years in question, the petitioners have conceded the disallowance by the respondent of their claimed deductions for apparel, makeup, and hairdressing expenses purportedly incurred by petitioner Selma Kennelly. Consequently, the only issues remaining for our determination are:

---

(1) Whether the petitioners are entitled to deductions for entertainment expenses for the taxable years 1965 and 1966 in the respective amounts of $2,460.44 and $931.56 under section 162 and section 274 of the Internal Revenue Code of 1954.[1]

(2) Whether the petitioners are entitled to deductions for taxi expenses for the taxable years 1965 and 1966 beyond the amounts allowed by the respondent.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

The petitioners, Norman E. Kennelly and Selma Kennelly, are individuals, husband and wife, who were legal residents of New York, N.Y., at the time the petition herein was filed. They filed joint income tax returns for the calendar years 1965 and 1966, with the district director of internal revenue, Manhattan, New York.

During the taxable years 1965 and 1966, petitioner Norman E. Kennelly (concessions having been made by the petitioners as to those expenses claimed with respect to petitioner Selma Kennelly, petitioner Norman E. Kennelly is hereinafter referred to as the petitioner) was employed by This Week Magazine as manager of presentations. During this same period, petitioner was also playwriting and his plays were performed at theaters.

On his tax returns for 1965, petitioner claimed entertainment expenses of $2,460.44 resulting from his position as an employee with This Week Magazine. The respondent disallowed the entire amount thereof. The petitioner also claimed taxi expenses of $1,314.40 arising from his position as an employee of This Week Magazine and the respondent disallowed $783.67 of this amount.

On his tax return for 1966, petitioner claimed entertainment expenses of $1,796.76 resulting from his position as an employee of This Week Magazine. Of the amount so claimed, respondent allowed $865.20 and disallowed the balance of $931.56. The petitioner also claimed taxi expenses of $1,320.60 arising from his position as an employee of This Week Magazine. The respondent disallowed $789.87 of this amount.

The taxi expenses were reimbursable by This Week Magazine to the extent that they were incurred in connection with the petitioner's employment with that organization. However, petitioner chose not to be reimbursed for all such expenditures.

In each of the years 1965 and 1966, petitioner maintained a personal cash diary. The entries in these diaries were made contemporaneously

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

with the expenditures, and the diaries always contained the dates and amounts of the expenditures.

### ULTIMATE FINDINGS OF FACT

With respect to entertainment expenses claimed to have been incurred in his capacity as an employee of This Week Magazine during 1965 and 1966, the petitioner has failed to meet the substantiation requirements of section 274(d).

With respect to entertainment expenses claimed to have been incurred in connection with his business as a playwright during 1965 and 1966, the petitioner has failed to demonstrate that such expenses were "ordinary" with the meaning of section 162.

The taxi expenses claimed by the petitioner in 1965 and 1966 in excess of the amounts allowed by the respondent were reimbursable by the petitioner's employer, This Week Magazine, but not claimed by the petitioner. Therefore, they are not deductible by the petitioner.

### OPINION

In this case, petitioner was employed by This Week Magazine as a manager of presentations during the years in question. He was also a playwright during those years. On his tax returns for 1965 and 1966, petitioner claimed deductions for entertainment expenses in connection with his employment by This Week Magazine of $2,460.44 and $1,796.76 for the years 1965 and 1966, respectively. Of these amounts, the respondent disallowed $2,460.44 for 1965 and $931.56 for 1966. Respondent allowed all expenses which petitioner claimed in his returns for 1965 and 1966 as having been incurred in connection with his activities as a playwright.

Respondent contends that petitioner is not entitled to any of the entertainment expenses in dispute because he has not demonstrated that those expenses were ordinary and necessary business expenses within the meaning of section 162(a).[2] The respondent also contends that the disallowed entertainment expenses have not been substantiated as required by section 274(d) which provides in pertinent part:

(d) SUBSTANTIATION REQUIRED.—No deduction shall be allowed—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, \* \* \*

\*　　\*　　\*　　\*　　\*　　\*　　\*

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other

---

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, \* \* \*

item, (B) the time and place of travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulation.

The regulations set forth detailed descriptions of what is required. Sec. 1.274–5(c), Income Tax Regs.[3]

---

[3] (c) *Rules for substantiation*—(1) *In general.* A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement except as otherwise provided in this section. Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an expenditure for travel, entertainment, or gifts referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in subparagraph (2) of this paragraph. To obtain a deduction for an expenditure for travel, entertainment, or gifts, a taxpayer must substantiate, in accordance with the provisions of this paragraph, each element of such an expenditure.

(2) *Substantiation by adequate records*—(i) *In general.* To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner.

(ii) *Account book, diary, etc.* An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure.

(a) *Made at or near the time of the expenditure.* For purposes of this section, the phrase "made at or near the time of the expenditure" means the elements of an expenditure are recorded at a time when, in relation to the making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure, such as the amount, time, place and business purpose of the expenditure and business relationship to the taxpayer of any person entertained. An expense account statement which is a transcription of an account book, diary, or similar record prepared or maintained in accordance with the provisions of this subdivision shall be considered a record prepared or maintained in the manner prescribed in the preceding sentence if such expense account statement is submitted by an employee to his employer or by an independent contractor to his client or customer in the regular course of good business practice.

(b) *Substantiation of business purpose.* In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required. For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required. Similarly, in the case of a business meal described in

Footnote continued on following page.

# 940

In his petition to this Court, the petitioner maintained the position that the disallowed entertainment expenses in both of the years in question were ordinary and necessary business expenses of his employment with This Week Magazine. Petitioner also agreed to a stipulation of facts which was reflective of this position. At trial, petitioner

Footnote continued from previous page.

section 274(e)(1), if the business purpose of such meal is evident from the business relationship to the taxpayer of the persons entertained and other surrounding circumstances, a written explanation of such business purpose will not be required.

(c) *Confidential information.* If any information relating to the elements of an expenditure, such as place, business purpose or business relationship, is of a confidential nature, such information need not be set forth in the account book, diary, statement of expense or similar record, provided such information is recorded at or near the time of the expenditure and is elsewhere available to the district director to substantiate such element of the expenditure.

(iii) *Documentary evidence.* Documentary evidence, such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for—

(a) Any expenditure for lodging while traveling away from home, and

(b) Any other expenditure of $25 or more, except, for transportation charges, documentary evidence will not be required if not readily available,

provided, however, that the Commissioner, in his discretion, may prescribe rules waiving such requirements in circumstances where he determines it is impracticable for such documentary evidence to be required. Ordinarily, documentary evidence will be considered adequate to support an expenditure if it includes sufficient information to establish the amount, date, place, and the essential character of the expenditure. For example, a hotel receipt is sufficient to support expenditures for business travel if it contains the following : name, location, date, and separate amounts for charges such as for lodging, meals, and telephone. Similarly, a restaurant receipt is sufficient to support an expenditure for a business meal if it contains the following : name and location of the restaurant, the date and amount of the expenditure, and, if a charge is made for an item other than meals and beverages, an indication that such is the case. A document may be indicative of only one (or part of one) element of an expenditure. Thus, a cancelled check, together with a bill from the payee, ordinarily would establish the element of cost. In contrast, a cancelled check drawn payable to a named payee would not by itself support a business expenditure without other evidence showing that the check was used for a certain business purpose.

(iv) *Retention of documentary evidence.* The Commissioner may, in his discretion, prescribe rules under which an employer may dispose of documentary evidence submitted to him by employees who are required to, and do, make an adequate accounting to the employer (within the meaning of paragraph (e)(4) of this section) if the employer maintains adequate accounting procedures with respect to such employees (within the meaning of paragraph (e)(5) of this section).

(v) *Substantial compliance.* If a taxpayer has not fully substantiated a particular element of an expenditure, but the taxpayer establishes to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of this subparagraph with respect to the expenditure, the taxpayer may be permitted to establish such element by evidence which the district director shall deem adequate.

(3) *Substantiation by other sufficient evidence.* If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element—

(i) By his own statement in writing containing specific information in detail as to such element; and

(ii) By other corroborative evidence sufficient to establish such element.

If such element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence.

contended for the first time that the disallowed entertainment expenses were incurred in connection with his activities as a playwright, and the testimony and documentary evidence which he introduced at trial in connection with these disallowed entertainment expenses were intended to be supportive of this position. Then on the briefs submitted to this Court subsequent to the trial, the petitioner again changed his position and argued that the disallowed entertainment expenses were allocable to both his employment with This Week Magazine and his activities as a playwright.

Since we find and hold that the petitioner has not adequately supported any of the positions which he has advanced in this case with respect to the disallowed entertainment expenses, it is unnecessary for us to attempt to determine the exact nature of petitioner's conception of the issues involving these expenses. It is also unnecessary for us to attempt to unravel the procedural implications presented by the numerous twists and shifts of position which the petitioner has taken during the various stages of this proceeding regarding those entertainment expenses.

In arriving at this determination, we have analyzed the entire record of this case within the statutory framework providing for the deductibility of entertainment expenses. Within this framework, the taxpayer must first establish that his expenditure qualifies as a deductible expense under section 162; then he must meet the substantiation requirements of section 274(d).

In seeking to establish that an entertainment expense is deductible under section 162, a taxpayer must show that the expenditure qualifies as an "ordinary and necessary expense" within the meaning of section 162, that it was incurred for business reasons, and that it has a reasonably direct relationship to the taxpayer's business. *Commissioner* v. *Heininger*, 320 U.S. 467 (1943). Petitioner has not demonstrated that the disallowed entertainment expenses which he claims were incurred in connection with his activities as a playwright were "ordinary" within the meaning of section 162.[4]

In the context of section 162, what is "ordinary" is a factor "affected by time, place, and circumstance." *Welch* v. *Helvering*, 290 U.S. 111 (1933). The term "does not mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often." *Welch* v. *Helvering, supra.* The crucial factor is "the nature and scope of the particular business out of which the expense in

---

[4] In this case, the entertainment expenses which petitioner seeks to charge to his activities as a playwright were incurred by the petitioner in seeking to have his plays produced and staged and in seeking funds for those purposes. As such, the expenses in question had a direct relationship to his business as a playwright. The expenses were also "necessary" within the meaning of sec. 162 and the generally accepted meaning of that word in that it was through such expenditures that the petitioner sought to develop his business as a playwright. See, e.g., *Lilly* v. *Commissioner*, 343 U.S. 90 (1952), and *Welch* v. *Helvering*, 290 U.S. 111 (1933).

question occurred." *Deputy* v. *du Pont*, 308 U.S. 488 (1940). It is the kind of transaction out of which the expenditure arose and "its normalcy in the particular business which are crucial and controlling. The transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." *Deputy* v. *du Pont, supra*.

In the instant case, petitioner has introduced no evidence to demonstrate that the expenses which he incurred in seeking to develop his business as a playwright were of a type which was a common or frequent occurrence in the theatrical business. Therefore, he has not proven that the expenses were "ordinary" within the meaning of section 162. On the basis of this failure of proof, we must reluctantly find that petitioner has failed to establish that the expenditures he incurred in connection with his playwriting activities were deductible under section 162 even though he has in large part met the substantiation requirements set forth by section 274(d).

With respect to any disallowed entertainment expenses which petitioner claims were incurred in connection with his employment by This Week Magazine during 1965 and 1966, the petitioner has shown that such expenses were "ordinary and necessary" within the meaning of section 162. The testimonial evidence presented at trial in this regard and a letter from the assistant treasurer of This Week Magazine, which was attached to the petitioner's 1966 income tax return, and which indicated that the nature of the magazine business was such that it was necessary for the petitioner in his position with the magazine to incur entertainment expenses beyond those for which he was specifically reimbursed, were sufficient for this purpose.

Petitioner has not, however, met the burden of substantiation required by section 274(d) and section 1.274-5(c), Income Tax Regs., as to such claimed employee entertainment expenses. In reaching this conclusion, we are aware that in the case of *Harry G. LaForge*, 53 T.C. 41 (1969), reversed and remanded 434 F. 2d 370 (C.A. 2, 1970), the Second Circuit has determined that section 1.274-5(c)(2) and (3), Income Tax Regs., are invalid to the extent that they require solely written records to substantiate entertainment expenses.

In *LaForge*, the taxpayer, a physician, claimed deductions for business lunches which he gave at a hospital cafeteria for residents and interns who assisted him. The cashier at the cafeteria testified at trial that the taxpayer regularly purchased lunch for his associates and himself at a cost of from $2.65 to $3. The doctor kept no records of these expenses but nevertheless estimated and deducted on his income tax return $2 per day for each day of his hospital schedule.

In reversing the opinion of this Court, the Second Circuit held that the taxpayer's testimony estimating the amount of the expenses, together with the testimony of the cashier, was sufficient to substan-

tiate the deduction but that the case had to be remanded for further evidence as to the amount of the expense which represented the taxpayer's own lunches. Hence, under the decision of the Second Circuit in the *LaForge* case, oral testimony of the taxpayer, plus other "sufficiently corroboratory evidence," is sufficient to sustain the burden of substantiation required by section 274(d).

In the case before us, petitioner has submitted separate account books for each of the years in question purporting to document on a daily basis his expenditures in each of those years. However, in relation to that portion of the disallowed entertainment expenses which petitioner claims were employee entertainment expenses, this documentary evidence, standing by itself, falls short of the substantiation required under section 274(d). The account books do not reveal the place of the entertainment, the business purpose of the expense, or the relationship of the persons entertained to petitioner's business as an employee of This Week Magazine, and they do not otherwise explain the relationship of the amounts entered to the taxpayer's employment with the magazine.

Furthermore, the oral testimony of the petitioner at trial did not provide these required elements of substantiation and therefore did not correct the deficiencies in his documentary evidence. There was also no testimony by any other witness which provided the information required for substantiation under section 274(d). In these circumstances, even under the *LaForge* decision, the petitioner has not met his burden of substantiation with respect to any of the disallowed entertainment expenses which he claims were incurred in connection with his position at This Week Magazine.

The second issue presented for decision in this case relates to the deductibility of taxi expenses which the petitioner incurred in his capacity as an employee of This Week Magazine.

We have found that in each of these years the taxi expenses were reimbursable by This Week Magazine to the extent that they were incurred in connection with the petitioner's employment with that organization and that petitioner chose not to be reimbursed for all such expenditures. In these circumstances, where the petitioner was entitled to reimbursement but did not claim it, he cannot claim a deduction for such expenditures. The deduction properly belongs to the employer and not to the petitioner as an employee. *Coplon* v. *Commissioner*, 277 F. 2d 534 (C.A. 6, 1960), affirming a Memorandum Opinion of this Court; *Horace E. Podems*, 24 T.C. 21 (1955) ; *Hal E. Roach*, 20 B.T.A. 919 (1930). Therefore, the respondent's determination with respect to the taxi expenses must be sustained.

*Decision will be entered for the respondent.*