HAROLD J. GRAHAM, JR. AND JOAN T. GRAHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graham v. Commissioner
Docket No. 7443-78.
United States Tax Court
T.C. Memo 1979-510; 1979 Tax Ct. Memo LEXIS 12; 39 T.C.M. (CCH) 768; T.C.M. (RIA) 79510; December 26, 1979, Filed Marshall N. Schwartz, for the petitioners. Jerrome N. Duncan II, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $2,751 in petitioners' Federal income tax for the year 1974. The only issue presented for decision is whether Harold J. Graham, Jr. (petitioner) [1] is entitled to deduct certain business expenses under section 162(a) [2] for which he was never reimbursed by his employer, although his employer had a policy of reimbursing such expenses. [3]
*13 This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Both petitioners resided in Los Angeles, California, when they filed their petition in this case. During 1974 the petitioner was employed by Joepedi Enterprises, Inc. (hereinafter Joepedi). On his 1974 Federal income tax return the petitioner deducted the following expenses [4] which he incurred in connection with his employment: Agency expense $ 300.00
Auto expense
2,258.59
Travel
300.00
Entertainment
339.85
Depreciation
1,745.35
Business promotion
300.00
Miscellaneous
100.00
Rent and facilities
1,319.41
Telephone
440.69
Office expense
184.77
Repairs and maintenance
52.00
Tickets
520.00
Book and Subscriptions
422.68
$8,283.34
Although Joepedi had a policy of reimbursing *14 such business expenses, petitioner did not in fact receive any reimbursement in 1974. Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. It is well established that where an employee incurs expenses in connection with his employment for which he is entitled to reimbursement but does not claim it, the expenses are not necessary expenses of earning his salary and are therefore nondeductible. Kennelly v. Commissioner,56 T.C. 936, 943 (1971), affd. without opinion 456 F.2d 1335 (2d Cir. 1972); Stolk v. Commissioner,40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner,24 T.C. 21, 23 (1955). In this case the record does not indicate why petitioner was not reimbursed for the expenses. Therefore, since the burden of proof is on petitioner, we must conclude that he failed to ask for reimbursement from his employer. [5] Accordingly, we hold that the petitioner is not entitled to deduct any of the disallowed expenses. *15 Decision will be entered for the respondent.
Footnotes
1. Joan T. Graham is a party herein solely by virtue of her having filed a joint income tax return with her husband. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. ↩
3. In his statutory notice of deficiency respondent also disallowed an investment tax credit in the amount of $70 which petitioner had computed with reference to the business use of his personal automobile. Petitioner challenged this disallowance in his petition. However, since the parties subsequently stipulated that the only issue for our consideration is whether petitioner may deduct unreimbursed business expenses, we treat the investment credit issue as abandoned by the petitioner.↩
4. Petitioner computed the deductions for auto expense and depreciation by assuming that 90 percent of the use of the car was for business purposes. He has since conceded, however, that the actual business use was only 65 percent.↩
5. If petitioner had sought reimbursement but for some reason Joepedi refused to pay, then petitioner may be entitled to a bad debt deduction in the event he is able to prove that the debt is worthless. However, the record contains no evidence to support a finding either that a bona-fide debt was created or that it became worthless during the taxable year.↩