ALEX J. SOMPPI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Somppi v. Commissioner
Docket No. 16503-79.
United States Tax Court
T.C. Memo 1984-190; 1984 Tax Ct. Memo LEXIS 486; 47 T.C.M. (CCH) 1519; T.C.M. (RIA) 84190; April 16, 1984. Mary Gregory Biggs, for the petitioner. Jordan P. Weiss, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judges: Respondent determined a $3,843 deficiency in petitioner's 1977 income tax, and an addition to tax of $192 pursuant to section 6653(a). [1] The issues for decision are: (1) Whether petitioner is entitled to deduct the cost of entertaining clients of his employer; (2) whether petitioner is entitled to a home office deduction and certain telephone expenses; (3) whether petitioner may deduct legal fees paid to recover a ring from his estranged fiancee; and (4) whether petitioner is liable for the negligence addition to tax. *488 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Alex J. Somppi, Jr. (hereinafter petitioner), resided in Redondo Beach, California, when he filed his petition in this case. Petitioner filed his 1977 Federal income tax return with the Internal Revenue Service Center, Fresno, California. 1. Entertainment Expenses
During 1977, petitioner was employed by Northrop Corporation as Logistics Support Director, aircraft division in Hawthorne, California. The aircraft division is invoved in the sale of military aircraft under the foreign military sales laws of the United States government. Petitioner was responsible for developing support programs for military aircraft sold to Korea, Taiwan, and Thailand, and he had to manage the training, spare parts, and ground support programs developed for each country to ensure full operational capability of the aircraft. Petitioner's work entailed extensive travel to meet with government and military representatives of the countries within his assigned territory. In addition, petitioner frequently was required to meet with representatives from other countries when they were visiting the United *489 States. On average, petitioner entertained foreign representatives or Northrop associates in his home more than once per week. Often petitioner would give cocktail parties or dinners especially prepared for foreign visitors. During 1977, Northrop had a policy of reimbursing all ordinary and necessary business expenses providing that certain procedures were followed. Among other things, Northrop's policy required that any entertainment expense anticipated to exceed $200 receive advance approval from the general manager. Where a situation did not permit advance approval, a full report of entertainment expenses made within 24 hours was still acceptable to make the expense reimbursable. In addition, expense vouchers submitted for reimbursement had to conform to certain substantiation requirements which were intended to satisfy the requirements of section 274. Petitioner never sought reimbursement for any entertainment expenses he incurred during 1977, including many for which he had time to seek prior approval, and on his 1977 Federal income tax return he claimed a $3,680.80 deduction for "professional/business entertainment." Included within this $3,680.80 amount were expenses *490 for car washes, tablecloths, an ice bucket, cocktail glasses, napkins, repair of an outdoor barbecue, plants, television repairs, parties at Christmas and New Year's, which included friends and working acquaintances, and the cost of taking his secretary to lunch during National Secretary's Week. 2. Home Office Deduction
During 1977, petitioner's primary source of income was from his employment with Northrop Corporation; however, he also maintained investments in jewelry, land, and coins. Petitioner's jewelry collection consisted of several rings, bracelets, and earrings, all of which had been purchased prior to 1977 while petitioner was in Thailand. During 1977, petitioner made no purchases or sals of jewelry. On December 29, 1977, petitioner acquired one piece of real property for investment purposes. Petitioner did not participate in any other real estate transactions, nor did he report any income or expenses with respect to any real estate transactions on his 1977 Federal income tax return. On his 1977 Federal income tax return, petitioner deducted a total of $2,844.58 in connection with the operation of an office in the second bedroom of his apartment. Petitioner *491 calculated this amount by deducting one-fourth of the cost of renting his apartment, [2] one-fourth of his annual electricity charges, fifty percent of his telephone service charge, specific telephone calls, and miscellaneous office furniture depreciation and expenses. [3]
3. Legal Fees
During 1977, petitioner successfully sued his former fiancee to recover a ring he had given her in contemplation of marriage. This ring was one of the pieces of jewelry that petitioner had bought in Thailand. On his 1977 Federal income tax return, petitioner deducted $1,434 as "Professional legal assistance," in connection with the recovery of this ring. In the notice of deficiency dated October 30, 1979, respondent disallowed each of petitioner's claimed deductions in their entirety. OPINION Issue 1. Entertainment Expenses
We must determine *492 whether petitioner is entitled to deduct $3,680.80 in entertainment expenses as an ordinary and necessary business expense pursuant to section 162(a). Petitioner argues that the expenses he incurred in entertaining foreign government and military personnel were essential to the proper performance of his duties as an employee of Northrop and that these expenses were properly deductible as an ordinary and necessary business expense. Respondent, on the other hand, argues that the claimed entertainment expenses were incurred primarily for social rather than business reasons and thus are not deductible as an ordinary and necessary business expense. Respondent further maintains that any valid business related expenses were fully reimbursable by Northrop and therefore were not properly deductible by petitioner. For the reasons stated below, we agree with respondent. A taxpayer is allowed a deduction under section 162(a) for "all the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business * * *." The question is essentially one *493 of fact. Commissioner v. Heininger,320 U.S. 467, 475 (1943). Petitioner must show that the expenses were incurred primarily for business rather than social or personal reasons. Walliser v. Commissioner,72 T.C. 433, 437 (1979); section 1.162-17(a), Income Tax Regs. Moreover, a taxpayer may not deduct as an ordinary and necessary business expense any expenses for which reimbursement is available from his employer. Lucas v. Commissioner,79 T.C. 1, 7 (1982); Fountain v. Commissioner,59 T.C. 696, 708 (1973); Kennelly v. Commissioner,56 T.C. 936, 943 (1971), affd. without opinion 456 F. 2d 1335 (2d Cir. 1972); Podems v. Commissioner,24 T.C. 21, 22-23 (1955). Respondent's determination is presumptively correct, and petitioner bears the burden of proving that he is entitled to the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tex Court Rules of Practice and Procedure. We find that many of the entertainment expenses deducted by petitioner were incurred primarily for social or personal reasons *494 and are not deductible. Among other things, petitioner attempted to deduct the cost of television repairs and repairs to a backyard barbecue, as well as the cost of taking his secretary to lunch during National Secretary's Week. These expenses are primarily personal, and petitioner has not proved that they were either ordinary or necessary to the performance of his duties as an employee of Northrop. See New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Moreover, during 1977 Northrop had a policy of reimbursing all entertainment expenses incurred in pursuit of company business, providing that prior approval was obtained. Petitioner never sought reimbursement for the claimed expenses and he has not shown that reimbursement would have been denied for those expenses that constituted valid business entertainment expenditures. The deductions for valid business entertainment expenses properly belong to Northrop, not petitioner. Kennelly v. Commissioner,supra.Accordingly, petitioner's claimed business entertainment expenses are denied. Issue 2. Home Office Expenses
We must next determine whether petitioner may deduct *495 a total of $2,844.58 as a home office expense. Section 280A(a) generally provides that no deduction is allowed with respect to the personal residence of a taxpayer. Section 280A(c)(1), however, provides the following exceptions to the general rule: (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.-- (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) [as] the principal place of business, for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. *496 Petitioner contends that his home office was used both for his employer's convenience, and to manage his investments in jewelry and real property. [4] Petitioner asserts that he frequently and regularly had to telephone clients, customers, and parts suppliers of Northrop after hours in his hime. Petitioner further asserts that he used his second bedroom as an office where he actively managed his investments. Respondent argues that section 280A(a) prohibits petitioner from deducting any expenses attributable to his "home office" because he had not come within any of the exceptions set forth in section 280A(c)(1). Respondent maintains that petitioner's investment activities do not rise to the level of a trade or business, and petitioner has not shown that he used the office exclusively for the convenience of his employer. For the reasons set forth below, we hold for respondent. The exceptions under section 280A(c)(1) are applicable *497 only where a taxpayer is engaged in a trade or business, or the exclusive use of a portion of the home is for the convenience of the taxpayer's employer. Section 280A(c)(1). No deduction is allowable for use of a home in connection with an activity which is merely for the production of income within the meaning of section 212. Curphey v. Commissioner,73 T.C. 766, 770 (1980). Whether petitioner's investment activity constitutes a separate trade or business is a question of fact. Curphey v. Commissioner,supra.
Based on the record herein, petitioner's investment activities in land, jewelry, and coins do not rise to the level of a trade or business. During 1977, petitioner owned one piece of real property which he acquired on December 29, 1977, only three days before the close of the tax year. Petitioner presented no evidence that he actively engaged in any activity with respect to this property during 1977. Moreover, while petitioner held several pieces of jewelry for investment purposes, he made no purchases or sales of jewelry during 1977. This lack of any systematic or continuous activity with respect to his real property and jewelry *498 investments amply demonstrate that petitioner was not in the trade or business of buying and selling jewelry or managing real property. Furthermore, petitioner has not shown that he used the office exclusively for the convenience of his employer. [5] Accordingly, section 280A(a) precludes petitioner from deducting the cost of maintaining a "home office." While section 280A(a) prohibits petitioner from deducting the costs attributable to the use of a portion of his home as an office, it does not prohibit him from deducting the cost of maintaining a telephone and long distance calls incurred for business reasons if the cost incurred is directly related to the taxpayer's earning of income. Roth v. Commissioner,17 T.C. 1450 (1952). If petitioner's *499 primary purpose of maintaining a telephone is personal, and the business use is merely incidental, then no deduction for maintenance charges shall be allowed. International Artists, Ltd. v. Commissioner,55 T.C. 94, 104 (1970). Petitioner bears the burden of proving that the telephone charges were incurred for business reasons. Rule 142(a), Tax Court Rules of Practice and Procedure.
At trial, petitioner submitted numerous telephone bills to substantiate his claimed telephone expenses. However, petitioner did not explain why calls to the same telephone number on different days were deducted on some occasions and not on others. Petitioner did not testify concerning these telephone calls, and it is impossible to determine which, if any, are business related. Therefore, petitioner is not entitled to deduct any of the telephone calls. See New Colonial Ice Co. v. Helvering,supra.Moreover, while a telephone may have been helpful to petitioner in contacting clients, there is no evidence that Northrop required petitioner to maintain a telephone in his home. Since we are unable to determine to what extent petitioner used his telephone for business *500 reasons, we are unable to allocate the annual maintenance charge between business and personal use. We therefore sustain respondent's disallowance of petitioner's telephone expenses. Issue 3. Legal Fees
We must next determine whether petitioner is entitled to deduct $1,434 in legal fees paid to recover a ring from his former fiancee. Petitioner argues that the legal fees he incurred to recover the ring are deductible because they were made to recover investment property. Respondent maintains that the legal fees constitute nondeductible personal expenses because the origin of the litigation was personal in nature. We agree with respondent. Section 212 generally provides that individuals may deduct all the ordinary and necessary expenses paid or incurred for the production of income, or the conservation of property held for the production of income. Section 262, however, provides that no deduction shall be allowed for personal, living, or family expenses. In United States v. Gilmore,372 U.S. 39, 49 (1963), the Supreme Court held that to determine whether *501 an expense was business or personal and therefore deductible or not under section 212, we must look to "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer." Under the circumstances herein, the origin of petitioner's legal expenses were clearly personal. Petitioner's claims against his former fiancee stem entirely from the termination of their contemplated marriage, and not from income-producing activity. While petitioner successfully preserved ownership of his ring, it is the origin of the claim that distinguishes a business expense from a personal expense and not the nature of the consequences flowing from petitioner's success or failure to regain ownership of the ring. United States v. Patrick,372 U.S. 53 (1963); United States v. Gilmore,supra.
Accordingly, the legal expenses that petitioner incurred to recover a ring from his estranged fiancee are nondeductible personal expenses. Issue 4. Negligence Addition to Tax
Finally, *502 we must determine whether petitioner is liable for the negligence addition to tax. Petitioner bears the burden of proof that any underpayment of tax was not due to negligence. Enoch v. Commissioner,57 T.C. 781 (1972). Petitioner presented no evidence on this issue. Consequently, we sustain respondent's determination with respect to this issue. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner had a two-bedroom apartment consisting of four rooms. ↩
3. The home office expenses claimed by petitioner consist of the following amounts: ↩
Item
Amount Claimed
Office rental
$1,162.50
Power and light
45.96
Telephone
253.13
Office equipment deprec.
453.72
Office/business expense
929.27
4. In view of our conclusion we need not delve into whether in light of such multiple uses petitioner satisfies the "exclusively used" requirement.↩
5. We also note that although petitioner dealt frequently with clients, customers, and suppliers of Northrop on the telephone, he cannot satisfy the requirements of section 280A(c)(1)(B) because he did not meet with patients, clients, or customers in his home office. Frankel v. Commissioner,82 T.C. 318↩ (1984).