T.C. Memo. 1998-43

UNITED STATES TAX COURT

SHANE L. APPLING AND MARINA L. APPLING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4678-97.                    Filed February 5, 1998.

Shane L. Appling, pro se.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Respondent determined the following
deficiencies and accuracy-related penalties relating to
petitioners' Federal income taxes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1992 | $4,350 | $870 |
| 1993 | 5,224 | 1,045 |

| 1994 | 4,012 | 802 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are: (1) Whether petitioners are entitled to deduct certain unreimbursed employee expenses; (2) whether petitioners are entitled to Schedule C losses; and (3) whether petitioners are liable for accuracy-related penalties pursuant to section 6662(b)(1).

At the time Shane and Marina Appling filed their petition, they resided in El Paso, Texas, where Mr. Appling was employed as a civil engineer for Silverton Construction Co. (Silverton). On their 1992, 1993, and 1994 Federal income tax returns, petitioners deducted $17,418, $19,132, and $14,590, respectively, for unreimbursed employee expenses relating to Mr. Appling's job with Silverton. Respondent determined that petitioners were only entitled to deduct $3,009, $3,207, and $3,438, respectively, of such expenses.

Generally, an employee may deduct unreimbursed employee expenses pursuant to section 162(a). An employee may not deduct such expenses, however, if the expenses are not substantiated or if the employee has a right to, but fails to seek, reimbursement from the employer. Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir.

1972). Petitioners did not satisfy their burden of substantiating their expenses. In addition, they failed to establish that Silverton would not have reimbursed Mr. Appling for the expenses at issue. Accordingly, petitioners are not entitled to deduct the unreimbursed employee expenses at issue for 1992, 1993, and 1994.

On their 1992 Federal income tax return, petitioners also claimed a $10,809 Schedule C loss ($3,700 of gross receipts minus $14,509 of expenses) relating to a business which marketed a car wash product called "Dri Wash 'N Guard". Respondent determined that petitioners were not entitled to deduct any losses attributable to this activity. Respondent concedes, however, that petitioners purchased $4,246 of the car wash product. Based on concessions, testimony, reconstructed records, and executed checks, we conclude that petitioners had expenses totaling $4,831.23. Accordingly, petitioners are entitled to a $1,131.23 Schedule C loss for 1992.

On their 1993 and 1994 Federal income tax returns, petitioners also claimed Schedule C losses of $18,008 and $14,981, respectively, for a mining business. Petitioners have failed, however, to prove that they sustained such losses. Accordingly, petitioners are not entitled to Schedule C losses for 1993 and 1994.

Respondent determined that petitioners are liable for accuracy-related penalties pursuant to section 6662(b)(1). The penalty applies to any underpayment due to negligence or intentional disregard of rules or regulations. Petitioners did not maintain adequate books and records. Sec. 6001. In addition, they failed to exercise due care in reporting their income. Accordingly, petitioners are liable for the section 6662 accuracy-related penalties.

To reflect the foregoing,

Decision will be entered pursuant to Rule 155.