T.C. Summary Opinion 2008-134

UNITED STATES TAX COURT

JOSE A. AND SYLVIA M. GARCIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26361-06S.          Filed October 28, 2008.

Jose A. and Sylvia M. Garcia, pro sese.

<u>Vicki L. Miller</u>, for respondent.

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,815 in petitioners' 2003 Federal income tax. The issue for decision is whether petitioners' unreimbursed employee business expenses claimed on Schedule A, Itemized Deductions, of their 2003 return are deductible pursuant to section 162.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in New Mexico.

During 2003 Jose A. Garcia (petitioner) worked for two different employers in the construction industry. Petitioner worked for Wolf Corp. (Wolf) from January 1 through May 5, 2003. Wolf had a reimbursement policy in effect for employee business expenses and miles driven in the course of employment. Wolf would have reimbursed petitioner for the mileage incurred in the course of his employment during 2003 if he had submitted a request for reimbursement; petitioner did not submit a request.

From June 26 through December 29, 2003, petitioner worked for Lockwood Construction Co. (Lockwood). Lockwood did not have an employee expense reimbursement policy in effect during the time of petitioner's employment.

Petitioner owned a 1988 Ford Ranger truck and drove it for business purposes in 2003.

Petitioners filed a joint return in 2003, claiming deductions of $24,986.32 for unreimbursed employee expenses of vehicle expenses, parking, and overnight travel. Petitioner claimed to have driven 65,212 miles for work during 2003. In applying the standard mileage rate of $0.36 to this figure, petitioner calculated a vehicle expense deduction of $23,476.32. Petitioner also claimed $160 in parking fees and $1,350 in overnight travel expenses during 2003.

Petitioner submitted copies of the first and last pages of a mileage log to document the miles driven. Petitioner had lost the actual mileage log and did not attempt to reconstruct the mileage log. Petitioner made entries in the mileage log at the end of every day. The first page logged trips from January 6 to February 6 and listed a starting odometer reading of 230,156. The last page logged trips from the last 3 weeks in November through the end of the year and listed an ending odometer reading of 295,368. The first page of the mileage log reports 4,635 miles driven and the last page of the mileage log reports 6,553 miles driven. The log provides the day of the week, the date, the destination(s), the mileage driven during the day, and the starting and ending mileage for 2003.

Petitioner was not able to produce any oil change receipts or similar receipts which would have listed the mileage.

## Discussion

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioners bear the burden of proof. See Rule 142(a). Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including a trade or business as an employee. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). An employee cannot deduct trade or business expenses to the extent that the employee is entitled to reimbursement from his or her employer for expenditures related to his or her status as an employee. Id. at 7; Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972); Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964).

Daily mileage automobile expenses otherwise deductible as a business expense under section 162(a) will be disallowed in full

unless the taxpayer satisfies the strict substantiation requirements of section 274(d) as automobiles are "listed property". Secs. 274(d)(4), 280F(d)(4)(A)(i). If an expense is subject to section 274(d), no deduction is allowable on the basis of any approximation or the taxpayer's unsupported testimony. Sanford v. Commissioner, 50 T.C. 823, 826-827 (1968), affd. per curiam 412 F.2d 201 (2nd Cir. 1969); Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). The taxpayer must substantiate each element of use with "adequate records" or present "sufficient evidence" corroborating his or her statement. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). The elements of use required to be substantiated are as follows: (1) The amount of each use (i.e., mileage) and the total use of the listed property for the taxable period, (2) the date of each use, and (3) the business or investment purpose of each use. Sec. 1.274-5T(b)(6)(i) through (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Adequate records require the taxpayer to maintain a log or similar record and documentary evidence, which when the two are combined are sufficient to establish each element of use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The log or similar record is to be prepared or maintained in such manner that each recording of use is made near

the time of use.  Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  The level of detail in such log or similar record is permitted to vary depending upon the facts and circumstances when a taxpayer is attempting to establish adequate records for business use of an automobile. Sec. 1.274-5T(c)(2)(ii)(C)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985).  Specifically, the regulations list the example of a mixed business and personal use vehicle driven on an established route and permit the taxpayer to list the beginning and ending mileage and subtract the trips taken to establish the total number of miles driven during the taxable year.  Documentary evidence that substantiates such expense includes items such as receipts, paid bills, or similar evidence that establishes the amount, date, place, and essential character of the expenditure.  Sec. 1.274-5(c)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985).

Sufficient evidence to corroborate a taxpayer's detailed statement of business use must be sufficient to establish each element of use before the taxpayer will be permitted to deduct such claimed business use.  Sec 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).  Only direct evidence will be sufficient evidence to establish the elements of amount, time, place, or date of use.  Id.  Direct evidence is a statement in writing, oral testimony of other witnesses setting

forth detailed information about such element, or an account book, diary, log, etc.  Id.

## Miles Driven From January 1 to May 5, 2003

During this time petitioner was employed by Wolf and was entitled to seek reimbursement for his claimed unreimbursed employee expenses pursuant to Wolf's policy.  Accordingly, petitioner is not entitled to deduct any expenses incurred while an employee of Wolf.  See Lucas v. Commissioner, supra; Kennelly v. Commissioner, supra; Stolk v. Commissioner, supra.  Petitioner may not deduct any mileage he drove for work on or before May 5, 2003.

## Miles Driven From June 26 to December 31, 2003

During this time petitioner was employed by Lockwood and was not entitled to reimbursement for his claimed unreimbursed employee expenses.  Accordingly, if petitioner has satisfied the substantiation requirements of section 274(d), then petitioner is entitled to deduct mileage incurred during his employment with Lockwood.

The last page of the mileage log submitted by petitioner logs the last 3 weeks in November and December.  It lists the date, the places driven to and from, the miles driven, and the day of the week.  It does not list the purpose of the trip, but petitioner testified credibly as to the general purpose of the logged trips.

The last page of the log submitted by petitioner substantiates the mileage listed as driven during the last 3 weeks in November through December. This page is sufficient evidence to corroborate petitioner's credible testimony that he drove these miles for business. It contains the mileage driven, the total use for the year, and the date of each use, and petitioner credibly testified as to the general purpose of each trip. Accordingly, petitioner is entitled to deduct unreimbursed mileage expenses incurred as an employee in the amount of $2,359.08 for the 6,553 miles driven for business in 2003.

<u>Overnight Travel, Parking, and Toll Expenses</u>

Petitioner has failed to provide any documentary evidence of the claimed overnight travel, parking, and toll expenses. The $1,350 in overnight expenses and $160 in parking and tolls have not been substantiated. Additionally, petitioner has not provided any dates on which the claimed overnight travel, parking, and toll expenses were incurred. To the extent they were incurred during petitioner's employment with Wolf, he would not be entitled to deduct such expenses incurred because he was entitled to reimbursement. See <u>Lucas v. Commissioner</u>, 79 T.C. 1 (1982); <u>Kennelly v. Commissioner</u>, 56 T.C. 936 (1971); <u>Stolk v. Commissioner</u>, 40 T.C. 345 (1963). Accordingly, petitioner may not deduct these amounts.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.