T.C. Memo. 2013-144

UNITED STATES TAX COURT

CHRISTOPHER ROBIN NIELSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9968-11.                           Filed June 6, 2013.

Christopher Robin Nielsen, pro se.

<u>Laura A. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issue for decision, relating to 2006 and 2007, is whether petitioner is entitled to deductions for employee business expenses.

[*2]                              FINDINGS OF FACT

Petitioner is a salesman.  In 2006, he traveled throughout Florida to sell advertisements for BellSouth Advertising & Publishing, Corp. (BellSouth). Pursuant to its policy, BellSouth paid a portion of petitioner's business expenses. In 2006, BellSouth reimbursed $7,491 of petitioner's business expenses and included these payments in his taxable wages.  In 2007, he traveled throughout Florida to sell credit card processing services for First Data Merchant Services, Corp. (First Data).  Despite a formal policy which provided that employees could receive reimbursement for ordinary and necessary business expenses, First Data limited petitioner's reimbursement to $400 per month.  In 2007, First Data reimbursed $4,486 of petitioner's business expenses and included these payments in his taxable wages.

On September 12, 2007, petitioner filed his 2006 Federal income tax return. Petitioner claimed deductions for $51,280 of "Total expenses" on Schedule C, Profit or Loss From Business, and $5,985 of "Job Expenses and Other Miscellaneous Deductions" on Schedule A, Itemized Deductions.  On April 28, 2008, petitioner filed his 2007 Federal income tax return.  On Schedule A, petitioner claimed a $22,787 deduction for unreimbursed employee business expenses.  Respondent audited petitioner's returns and, on January 28, 2011, sent

**[\*3]** him a notice of deficiency.  In the notice, respondent disallowed, for lack of

substantiation, the claimed deductions relating to 2006 Schedule C expenses and

2007 unreimbursed employee business expenses.  Respondent determined,

however, that petitioner was entitled to deductions for $7,491 of reimbursed

employee business expenses relating to 2006.  On May 2, 2011, petitioner, while

residing in Florida, timely filed a petition with the Court.   On December 5, 2012,

petitioner filed an amendment to his petition.

OPINION

An employee may generally deduct, pursuant to section 162(a), ordinary and

necessary unreimbursed employee business expenses.[1]  See Kennelly v.

Commissioner, 56 T.C. 936, 941-943 (1971), aff'd without published opinion, 456

F.2d 1335 (2d Cir. 1972).  Although petitioner incurred expenditures exceeding

the amount respondent allowed, he failed to establish that they were ordinary and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*4]** necessary.[2]  See sec. 162(a); Kennelly v. Commissioner, 56 T.C. at 941-943.

Accordingly, petitioner is not entitled to the deductions at issue.[3]

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

[3]Employee business expenses may be deducted only to the extent that the aggregate of these expenses exceeds 2% of petitioner's adjusted gross income.  See secs. 62, 67(a) and (b), 162(a).