**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-34

UNITED STATES TAX COURT

MICHAEL S. TOCHER AND TRACY A. TOCHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19718-12S.                    Filed April 14, 2014.

Michael S. Tocher and Tracy A. Tocher, pro sese.

Thomas R. Mackinson and Timothy Berry, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a statutory notice of deficiency to petitioners for 2010 in which he determined a deficiency in income tax of $6,771 and an accuracy-related penalty under section 6662(a) of $1,354.

The issues for decision are, first, whether petitioners are entitled to deduct: (1) on Schedule A, Itemized Deductions, unreimbursed employee business expenses in excess of those respondent allowed and (2) on Schedule C, Profit or Loss From Business, car and truck expenses, and, second, whether petitioners are liable for the accuracy-related penalty under section 6662(a).[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

---

[1]Respondent's adjustment to the child tax credit is computational and will be resolved by the Court's determinations on the other issues. Petitioners did not contest in the petition or at trial respondent's disallowance of their deduction of tax preparation fees and a "hobby loss" or the assertion of the additional tax on early distributions from qualified retirement plans, and those issues are deemed conceded. See Rule 34(b)(4); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986).

## Background

Petitioner Michael Tocher is an engineer who was employed by "Winzler Kelly" in 2010. On petitioners' Federal income tax return for 2010 they deducted on Schedule A $10,646 of employee business expenses and certain miscellaneous deductions.[2] Respondent disallowed $4,300 of the deduction.

Petitioner Tracy Tocher "worked in the real estate business" in 2010. Mrs. Tocher reported wages from two sources, Pacific Cities Management and Robert Winger, and petitioners filed a Schedule C for her on which she reported gross income of $1,733. Petitioners deducted on Schedule C car and truck expenses of $27,212, all of which respondent disallowed.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court finds that

---

[2]The $10,646 was the amount deducted after the sec. 67(a) reduction of miscellaneous itemized expense deduction by 2% of adjusted gross income.

petitioners have not argued or shown that they have met the requirements of section 7491(a) and the burden of proof does not shift to respondent.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.[3]  Generally, no deduction is allowed for personal, living, or family expenses.  See sec. 262.  The taxpayer must show that any deducted business expenses were incurred primarily for business rather than personal, living, or family reasons.  See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979).  To show that the expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business and that there was a proximate relationship between the expense and the business.  See Walliser v. Commissioner, 72 T.C. at 437.

Unreimbursed Employee Business Expenses

As evidence of his employee business expenses Mr. Tocher provided the Court with:  (1) a document titled "Silverado Mileage Log 2010" and (2) assorted receipts for expenditures including those for food, car rentals, electronics, hotels,

---

[3]An employee's performance of services is a trade or business.  E.g., Primuth v. Commissioner, 54 T.C. 374 (1970).

parking, and airfare. The mileage log shows miles driven to various "Client Event[s]" between July and December 2010 said to be "Non-reimbursed".

If a particular expense is related to employment, it might be deductible as an employee business expense on Schedule A. The taxpayer would have to show, however, that the expense was not subject to reimbursement from his employer. An expense is not deductible as ordinary and necessary to the extent that it was subject to reimbursement by the employer. Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

The parties stipulated two pages from a Winzler Kelly document that pertain to employee expense reimbursements. According to those pages, preapproved travel expenses that are reasonable and documented will be reimbursed. Mr. Tocher testified that he did not seek reimbursement from Winzler Kelly for the expenses deducted on the return because he "elected not to."

When an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim such reimbursement, the expenses are not deductible because they are not necessary within the meaning of section 162; i.e., it is not necessary for an employee to remain unreimbursed for expenses to the extent he could have been reimbursed. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner,

79 T.C. 1, 7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972). The employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement. See Podems v. Commissioner, 24 T.C. at 23. Because petitioner has failed to demonstrate that Winzler Kelly would not have reimbursed his expenses had he made a proper request, respondent's determination on this issue is sustained.

Schedule C Car and Truck Expenses

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless prevented by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), aff'g 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Certain business deductions described in section 274, however, are subject to strict rules of substantiation that supersede the doctrine in Cohan. See sec. 1.274-5T(a), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46017 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) any traveling expense, including meals and lodging away from

home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements. "Listed property" includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own statement: (1) the amount of the expenditure or use, using the appropriate measure (mileage may be used in the case of automobiles); (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of the persons entertained. See sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra. A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to

elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Mrs. Tocher testified that she used "the automobile" to show properties and to preview properties. She testified that she used one vehicle to show and the other to preview properties. Mrs. Tocher provided copies of two one-page printouts, one entitled "Pontiac Mileage Log 2010" and the other, "PT Cruiser Mileage Log 2010", as evidence of her automobile use. The logs aggregate mileage by the week, and every weekly entry describes the mileage as "Tracy-Real Estate-Viewing Properties". There is no further identifying information in the logs. The logs do not reveal which property was being viewed, the date and time, the location or distance of the property viewed, or the client, if any, related to the viewing. Mrs. Tocher supplemented her logs with copies of "Auto-Prospecting E-mail Reports" that were sent to her listing properties for sale in March 2010. In addition, she offered copies of a "Listing Summary" for 16 properties sold on unstated dates by unnamed agents. Mrs. Tocher failed to connect the supplementing documents with the log except to testify that she went to view approximately 40% of the properties in the auto-prospecting email reports.

Petitioners' documentation for car and truck expenses does not meet the standard of substantiation required by section 274. The Court sustains respondent's determination on this issue.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446.

Respondent determined that for 2010 petitioners underpaid a portion of their income tax because of negligence or intentional disregard of rules and regulations and a substantial understatement of income tax. Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of the underpayment attributable to negligence or disregard of rules or regulations or to a substantial understatement of income tax.

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard"

includes any careless, reckless, or intentional disregard.  <u>See</u> sec. 6662(c).

Negligence also includes any failure by the taxpayer to keep adequate books and

records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement of income tax" is an understatement that exceeds

the greater of 10% of the tax required to be shown on the return or $5,000.  Sec.

6662(d); sec. 1.6662-4(b), Income Tax Regs.

Petitioners reported a tax liability of $6,749 for 2010.  Petitioners' actual tax

liability for 2010 was $13,520.  There was a substantial understatement of

petitioners' individual income tax for 2010 since the understatement amount

exceed $5,000, which is greater than 10% of the tax required to be shown on the

return.  Because there is a substantial understatement of income tax for 2010, the

Court need not decide whether the underpayment is due to negligence.  <u>See</u> sec.

1.6662-2(c), Income Tax Regs.

The Court concludes that respondent has produced sufficient evidence to

show that the imposition of the accuracy-related penalty under section 6662(a) and

(b)(2) is appropriate for 2010.

The accuracy-related penalty will apply unless a taxpayer demonstrates that

there was reasonable cause for the underpayment and that he acted in good faith

with respect to the underpayment.  <u>See</u> sec. 6664(c).  Section 1.6664-4(b)(1),

Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners' underpayment was due to their substantially understating their 2010 income tax. Petitioners did not show that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment for 2010.

Therefore, respondent's determination of the accuracy-related penalty under section 6662(a) and (b)(2) for 2010 is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.