T.C. Memo. 1996-461


UNITED STATES TAX COURT


ALONZO BRADLEY AND EMMA J. BRADLEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4554-95.                    Filed October 15, 1996.


Alonzo Bradley and Emma J. Bradley, pro sese.

David E. Whitcomb, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was assigned pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $2,385 and an addition to tax under section 6651(a)(1) in the amount of $100.

The issues for decision are: (1) Whether petitioners may deduct vehicle expenses as unreimbursed employee business expenses in excess of the amount allowed by respondent; (2) whether petitioners may deduct uniform expenses as unreimbursed employee business expenses; (3) whether petitioners are entitled to a charitable contribution deduction in excess of the amount allowed by respondent; and (4) whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to file timely their 1991 Federal income tax return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners, Alonzo and Emma J. Bradley, are husband and wife. They resided in League City, Texas, at the time their petition in this case was filed.

Background

During the 1991 taxable year, petitioner Alonzo Bradley was employed as a software engineer for Paramax Systems Corporation (Paramax), an affiliate of Unisys Corporation, in Houston, Texas. Mr. Bradley's office at Paramax was located at 600 Gemini. Paramax required Mr. Bradley to use his own car to travel frequently between his office at 600 Gemini and another facility located at the Johnson Space Center.

During 1991, Paramax had in effect a policy that would have allowed Mr. Bradley to be reimbursed for all of his travel between the two locations at the rate of 27 cents per mile. Mr. Bradley, however, did not file a claim for reimbursement with Paramax and was not reimbursed for any of his travel between the two locations. Instead, he claimed a $9,143 deduction for unreimbursed employee business expenses on Schedule A and Form 2106 (Employee Business Expenses) attached to petitioners' 1991 Form 1040. Mr. Bradley calculated the deduction by taking the product of his actual vehicle expenses for 1991 and the business use percentage of his automobile. The deduction was calculated as follows:

Expenses
| | |
|---|---|
| Gasoline, oil, repairs, vehicle insurance, etc. | $2,787 |
| Lease payments on a 1991 Infiniti, Model Q45 | 10,090 |
| Total | 12,877 |
| Multiplied by business use percentage | [1]71% |
| Vehicle expense claimed | 9,143 |

[1]Business use percentage = 9,968 business use miles / 14,039 total miles = 71%.

During the first 6 months of 1991, petitioner Emma Bradley was employed as a nurse at Friendswood Medical Arts (Friendswood) in Friendswood, Texas. Friendswood did not require Mrs. Bradley to travel as part of her duties. During the last 6 months of 1991, Mrs. Bradley was employed as a nurse at Gastroenterology Consultants (Gastroenterology) in Houston, Texas. Mrs. Bradley was required to use her own car to travel between offices as part

of her duties at Gastroenterology, and she was compensated for such travel at the rate of 27 cents per mile. However, Mrs. Bradley also claimed a $3,549 deduction for her vehicle expenses as an unreimbursed employee business expense on Schedule A and Form 2106 (Employee Business Expenses) attached to petitioners' 1991 Form 1040. Mrs. Bradley calculated the deduction by taking the product of her actual vehicle expenses for 1991 and the business use percentage of her automobile. The deduction was calculated as follows:

Expenses
| | |
|---|---|
| Gasoline, oil, repairs, vehicle insurance, etc. | $1,283 |
| Depreciation expense | 2,660 |
| Total | 3,943 |
| Multiplied by business use percentage | [1]90% |
| Vehicle expense claimed | 3,549 |

[1]Business use percentage = 11,428 business use miles / 12,698 total miles = 90%.

Mrs. Bradley also claimed a $375 deduction for the cost and maintenance of uniforms as an unreimbursed employee business expense on Schedule A and Form 2106 attached to petitioners' 1991 Form 1040.

Finally, petitioners also claimed a $4,640 deduction for charitable contributions on Schedule A. Petitioners presented receipts or canceled checks for only $205 of this amount.

Respondent determined that petitioners could deduct only $1,773 of their claimed vehicle expenses. The remaining expenses were not deductible because petitioners could have been or actually were reimbursed for such expenses. Alternatively,

respondent determined that such expenses were not substantiated. Respondent disallowed the deduction for the cost and maintenance of uniforms as not being an ordinary and necessary business expense. Respondent disallowed all but $5 of petitioners' charitable contribution deduction for lack of substantiation. Finally, respondent determined that because petitioners did not file their 1991 Federal income tax return until July 24, 1992, they were liable for the late filing addition to tax under section 6651(a)(1).

Discussion

Respondent's determinations are presumed correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

1. Employee Business Expenses

    a. Vehicle Expenses

Petitioners claim deductions for their vehicle expenses as unreimbursed employee business expenses. Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in

carrying on a trade or business.  However, petitioners are not entitled to deduct expenses under section 162(a) for which they have been or could have been reimbursed.  Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986) (deduction not allowable to the extent that the employee is entitled to reimbursement from the employer), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982) (same); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971) (same), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972).

In order to deduct unreimbursed vehicle expenses, petitioners must also substantiate the expenses in accordance with the provisions of section 274.  Section 274(d)(4) provides that no deduction is allowable with respect to listed property, as defined in section 280F(d)(4), unless the deductions are substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.  Included in the definition of listed property in section 280F(d)(4) is any passenger automobile.  Sec. 280F(d)(4)(A)(i).

To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show:  (1) The amount of the expense, (2) the time and place of use of the listed property, and (3) the business purpose for the use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, a log, or a similar record, and documentary evidence that, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). To be adequate, a record must generally be written. Each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Thus, under section 274(d) no deduction may be allowed for expenses incurred for use of a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. Golden v. Commissioner, T.C. Memo. 1993-602.

The prerequisites to deductibility of vehicle expenses incurred by an employee, therefore, are, first, that the expenses be nonreimbursable outlays, and, second, that the expenses be substantiated in accordance with the requirements of section 274.

For the 1991 taxable year, Mr. Bradley claimed a deduction for actual vehicle expenses of $9,143. He could have been reimbursed by his employer in the amount of $2,691.36 (9,968 business miles multiplied by 27 cents per mile). Thus, any vehicle expenses in excess of $2,691.36 are nonreimbursable and potentially deductible. However, Mr. Bradley substantiated the amount of his vehicle expenses by presenting invoices and canceled checks only in the amount of $3,567.74. Assuming,

arguendo, that Mr. Bradley could substantiate the time, place, and business purpose for each use of his car, only $876.38 ($3,567.74 amount substantiated less $2,691.36 of reimbursable expenses) of his vehicle expenses would be deductible. Register v. Commissioner, T.C. Memo. 1988-390 (deduction allowed only to the extent the taxpayer can substantiate expenses in excess of the amount for which he was reimbursed).

Mrs. Bradley claimed a deduction for actual vehicle expenses in 1991 of $3,549. She was reimbursed by her employer in the amount of $3,085.56 (11,428 business miles multiplied by 27 cents per mile). Thus, any vehicle expenses in excess of $3,085.56 are nonreimbursable and potentially deductible. However, Mrs. Bradley substantiated the amount of her vehicle expenses by presenting invoices and canceled checks only in the amount of $705.75. Even if Mrs. Bradley could substantiate the time, place, and business purpose for each use of her car, no portion of her vehicle expenses would be deductible. Id.

Petitioners have therefore established entitlement to a deduction for vehicle expenses in the amount of $876.38, which is less than the $1,773 deduction allowed by respondent. Because they have failed to prove that the determination is erroneous, we sustain respondent on this issue.

b. Uniform Expenses

The expense of uniforms is deductible under section 162(a) if: (1) The uniforms are of a type specifically required as a condition of employment; (2) the uniforms are not adaptable to

general usage as ordinary clothing; and (3) the uniforms are not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).

Mrs. Bradley was required to purchase uniforms while she worked as a nurse at Gastroenterology.  However, petitioners have offered no evidence as to whether the uniforms were adaptable to general usage as ordinary clothing.  Thus, respondent's disallowance of the entire $375 claimed for uniform expenses is sustained.

## 2.  Charitable Contributions

Section 170 allows a taxpayer to deduct a charitable contribution "only if verified under regulations prescribed by the Secretary."  Sec. 170(a)(1).  The regulations provide specific record-keeping requirements.  With respect to each charitable contribution of money in a taxable year beginning after December 31, 1982, a taxpayer is required to maintain one of the following:  (1) A canceled check; (2) a receipt or letter from the donee indicating the name of the donee, the date of the contribution, and the amount of the contribution; or (3) any other reliable written record showing the name of the donee, the date of the contribution, and the amount of the contribution.  Sec. 1.170A-13(a)(1), Income Tax Regs.

Petitioners attended, but were not members of, Brentwood Baptist Church (Brentwood) in Houston, Texas.  Of the $4,640 deduction for charitable contributions claimed on their 1991 return, $4,435 was for contributions to Brentwood.  Petitioners did not substantiate their contributions to Brentwood with

canceled checks or a receipt from the church. Instead, petitioners supported their contributions to Brentwood with a printout of a computer spreadsheet. The spreadsheet indicates that petitioners attended every Sunday service during 1991, depositing cash in amounts ranging from $25 to $150 in the collection plate. Mr. Bradley stated that he would update the spreadsheet within a day or two of each contribution.

Brentwood records contributions from its members by supplying envelopes coded with membership numbers to be used by members when making their weekly offerings. Nonmembers can also use the envelope system to ensure that Brentwood has a record of their contributions. Upon entering the church, congregants are given a worship bulletin and asked by an usher if they would like an envelope. The ushers who pass the collection plate also carry envelopes which are readily visible. The congregation is reminded through the Sunday bulletins, pulpit announcements, and the monthly membership newsletter to use contribution envelopes or to retain their canceled checks to receive credit for their contributions.

Petitioners did not present canceled checks or receipts from Brentwood, and relied on the written records method of substantiation instead. The reliability of the records is a factual determination made on the basis of all relevant facts and circumstances. Sec. 1.170A-13(a)(2)(i), Income Tax Regs. The burden of proof is on the donor to establish the reliability of the written records. Id. On this record, we conclude that

petitioners have failed to prove that they maintained reliable written records for the $4,435 deduction for charitable contributions to Brentwood.[2]

The cases cited by petitioners are inapposite.  In Vieselmeyer v. Commissioner, T.C. Memo. 1978-315, the taxpayers established entitlement to a charitable contribution deduction based on notations recorded on a desk calendar.  However, the taxable year involved there was 1972, well before the effective date of section 1.170A-13(a), Income Tax Regs.  In Burns v. Commissioner, T.C. Memo. 1988-536, the taxpayer established entitlement to a charitable contribution deduction based on notations recorded on a kitchen calendar.  However, although the taxable year involved was 1984, the Commissioner did not raise the issue of compliance with the requirements of section 1.170A-13(a)(1), Income Tax Regs.  Consequently, we declined to rule on whether the calendar notations constituted reliable written records.

## 3.  Section 6651(a)(1) Addition to Tax for Failure to File Timely

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file,

[2]In the notice of deficiency, respondent disallowed for lack of substantiation all but $5 of the $4,640 that petitioners claimed as a charitable contribution deduction.  However, on brief and at trial respondent's argument is limited to the $4,435 deduction for charitable contributions to Brentwood.  Accordingly, we conclude that respondent has conceded the deduction in the amount of $205.  See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

not to exceed 25 percent.  The flush language of section 6651(a) provides that in case of failure to file within 60 days of the due date of the return, the addition to tax under section 6651(a)(1) will not be less than the lesser of $100 or 100 percent of the amount required to be shown as tax on the return. The addition to tax for failure to file a return timely will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).

Petitioners' 1991 Federal income tax return was due on April 15, 1992.  Sec. 6072(a); sec. 1.6072-1(a), Income Tax Regs. Petitioners filed their 1991 Federal income tax return on July 24, 1992.  Petitioners have not offered any evidence to show that the delay was due to reasonable cause.  We therefore sustain respondent's determination that petitioners are liable for a $100 addition to tax under section 6651(a)(1).

To reflect the foregoing,

Decision will be entered

under Rule 155.