T.C. Summary Opinion 2005-45


UNITED STATES TAX COURT


WICKIE B. WHALEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22269-03S.            Filed April 18, 2005.


Wickie B. Whalen, pro se.

<u>Lauren B. Epstein</u> and <u>Willie Fortenberry, Jr.</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioner's Federal income tax of $7,171 and an accuracy-related penalty under section 6662(a) of $1,434.20.

The issues for decision are whether petitioner is: (1) Entitled to deductions on Schedule A, Itemized Deductions, greater than those respondent allowed; and (2) liable for an accuracy-related penalty under section 6662(a).

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Miami, Florida.

## Background

Petitioner has been employed as a college professor with Miami-Dade Community College (the college) since 1976. He teaches in the Department of Visual Arts and philosophy.

During 2001, petitioner taught art history I and II, general education humanities, and art appreciation. As part of a consortium, he also taught a summer program for the college in Italy. Those courses consisted of art history, art appreciation, humanities, world history, and Italian art history.

A.  Petitioner's Tax Return for 2001

Petitioner timely filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for 2001. Attached to the return were various forms including a Schedule A and a Form 2106, Employee Business Expenses.

On Schedule A, petitioner reported unreimbursed employee expenses of $26,188.74. Petitioner itemized the expenses on Form 2106 as follows: $19,779.66 of travel expenses, $5,161.32 of business expenses, and $1,247.76[1] of meals and entertainment expenses. Subject to the 2 percent of adjusted gross income limitation, petitioner claimed total unreimbursed employee business expense deductions of $24,408.44. He did not report any reimbursements received from the college.

The parties agree that petitioner spent a total of $3,404.51 on hotels during 2002 and claimed this amount as part of the travel expenses listed on Form 2106 for 2001. The parties also agree that petitioner spent $2,606.61 on other expenses and included this amount as part of the other business expenses claimed on his Form 2106.

B.   The College's Reimbursement Policies

As relevant herein, the college had two reimbursement policies in effect during 2001. Under Procedure 3280, Reimbursement to College Employees for College-Related Purchases Not Exceeding $200 (small purchase reimbursement policy), petitioner was required to obtain advance supervisory approval for purchases of college-related materials and services not

---

[1]The $1,247.76 petitioner reported for meals and entertainment expenses is one-half of the total amount petitioner spent for meals and entertainment expenses during 2001.

exceeding a total of $200. This small purchase reimbursement policy has been in effect since 1971.

Under Procedure 3400, Travel Reimbursement for the District Board of Trustees, The President, College Employees and Other Authorized Persons (travel reimbursement policy), petitioner was required to obtain advance approval from the college president or area head and the Human Resources Office for out-of-county travel. "Out-of-County" travel is defined as travel performed outside of Dade, Broward, or Monroe Counties, Florida, up to and including Long Key.

Requests for out-of-county travel are required to be submitted on form P-2, Request for Leave of Absence and Reimbursement. The college would reimburse for expenses only for those days that were specifically included in the approved leave days on the form P-2.

For travel involving conferences and conventions, the college required that a copy of the program or agenda itemizing the registration fees be submitted with the form P-2. Further, all trips with estimated expenses of more than $1,500 required advance approval from the college president. This travel reimbursement policy has been in effect since 1976. Petitioner acknowledged that he is very familiar with the college's reimbursement policies and process.

C.  Petitioner's Trips

1.  Istanbul

Petitioner traveled to Istanbul in April 2001.  He submitted a copy of his American Express yearend billing summary which showed that he had made some expenditures in Istanbul.  The summary did not provide any detailed information regarding the purpose of the expenditures.  Petitioner did not provide any evidence demonstrating that the college required him to make the trip to Istanbul.

2.  Italy

Petitioner purchased an airline ticket to Italy on April 17, 2001, for $1,356.13.  He received a partial reimbursement for that airline ticket and claimed only $411.13 as part of the travel expenses listed on Form 2106.  Petitioner also spent a total of $1,054 on Eurail passes during 2001 which he claimed as part of his travel expenses on Form 2106.

3.  Peru

From August 1 through August 18, 2001, petitioner traveled throughout Peru.  He submitted an itinerary of his trip to Peru and the American Express billing summary which showed that he had made some expenditures but did not provide any detailed information regarding the purpose of the expenditures.  Petitioner did not provide any evidence demonstrating that the

college required him to make the trip. He did not allocate his travel expenses between business and personal expenses.

####    4.  Portland, Oregon

On September 14, 2001, petitioner submitted to the college a form P-2 regarding a trip to Portland. He attended the Community College Humanities Association National Convention from October 24 through 28, 2001. During that convention, petitioner presented the topic "How to Integrate Opera and Other Music into the Humanities Curriculum". He submitted receipts for lodging, meals, and registration to the college and was reimbursed for a total of $807.92 on November 19, 2001. Petitioner was not reimbursed by the college for his airline ticket.

#### D.   Petitioner's Other Business Expenses

Petitioner also claimed a deduction for other business expenses on his Form 2106 of $5,161.32. He did not seek preapproval for these expenditures, nor did he request reimbursement.

Respondent issued a statutory notice of deficiency to petitioner in which he disallowed most of the employee expense deductions petitioner claimed on Schedule A for lack of substantiation as deductible section 162 expenses. Respondent also determined petitioner is liable for an accuracy-related penalty under section 6662(a).

## Discussion

The Commissioner's determinations are presumed correct, and generally, the taxpayer bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The burden of proof may shift to the Commissioner under section 7491(a). Because petitioner failed to comply with the requirements of section 7491(a)(2), however, section 7491 is inapplicable. Under section 7491(c), respondent has the burden of production with respect to petitioner's liability for the accuracy-related penalty.

### Petitioner's Deductions

Section 162(a) authorizes a deduction for all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business. An "ordinary" expense is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a "necessary" expense is one that is "appropriate and helpful" for "the development of the

petitioner's business", Welch v. Helvering, supra at 113.  A "trade or business" includes the trade or business of being an employee.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  Pursuant to section 162, a taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), (e), Income Tax Regs.

In addition to satisfying the criteria for deductibility under section 162, the taxpayer must also satisfy the strict substantiation requirements of section 274(d) for certain categories of expenses in order for a deduction to be allowed. Section 274(d) disallows deductions for traveling expenses and meals and entertainment unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) The amount of the expense; (2) the time and place of the expense; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of the persons involved in the expense.

The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In addition to the strict substantiation requirements of section 274(d), a deduction for foreign travel is subject to the allocation requirements of section 274(c).  See sec. 1.274-4(a), Income Tax Regs.  Thus, section 274(c) generally requires the proration of foreign travel expenses between business and nonbusiness expenses.

For petitioner's trips to Istanbul and Peru, to the extent that the strict substantiation rules of section 274(d) apply, petitioner has not adequately substantiated any of his claimed deductions.  See sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

For petitioner's trip to Italy, petitioner was reimbursed for a portion of his airfare.  Beyond this item, petitioner did not provide any documentation showing an allocation between his personal and "business" expenses for the trip as required by section 274(c).

It is clear from the record that petitioner's trip to Portland for a convention was directly related to his occupation as a professor.  Petitioner stated that he was not reimbursed by the college for his airline ticket "because there was a technicality in the procedure."  Paragraph (C)(2)(c) of the college's Travel Reimbursement Policy states, in pertinent part:

2. Transportation Out-of-County

    c. Transportation by air, when traveling on official business, should be booked through the Reservation Travel Desk. Only under extenuating circumstances, may a traveler purchase his/her own ticket. * * *

The college did not reimburse petitioner for his airfare because he purchased his airline ticket through an agent other than the college's reservation travel desk in violation of the travel reimbursement policy. To the extent he followed the college's travel reimbursement policy and submitted the required documentation, petitioner was reimbursed for his expenses.

Under section 162(a), petitioner is not entitled to deduct expenses for which he has been or could have been reimbursed. Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986) (deduction not allowable to the extent that the employee is entitled to reimbursement from the employer), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982) (same); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971) (same), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972).

The college had a policy of reimbursing its employees for ordinary and necessary business expenses. Pursuant to those policies, petitioner received some reimbursements related to his trips to Italy and Portland. Petitioner admitted that he did not seek reimbursement for some of his expenses for his trip to Italy and did not seek reimbursement at all for expenses for his trips

to Istanbul and Peru.  Petitioner also failed to seek reimbursement for other business expenses he claimed on his Form 2106 because he believed he would not have been reimbursed because of the college's limited budget.

When a taxpayer has the right to obtain reimbursement for his employee business expenses from his employer but fails to seek reimbursement, the taxpayer cannot deduct the expenses because it is not "necessary" for the taxpayer to remain unreimbursed.  See Orvis v. Commissioner, supra at 1408.  In general, only those unreimbursed employee business expenses that are not reimbursable by the taxpayer's employer are deductible by the taxpayer under section 162.

The deduction of travel expenses away from home, including meals and lodging, under section 162(a)(2), is also conditioned on those expenses' being substantiated by adequate records or by other sufficient evidence corroborating the claimed expenses pursuant to section 274(d).  Sec. 1.274-5T(a)(1), Temporary Income Tax Regs., supra.

Petitioner's credit card statements fail to provide the detailed information required by section 274(d), and petitioner has failed to provide any other evidence to substantiate his claimed deductions.  The Court sustains respondent's determination.

Accuracy-Related Penalty

Respondent determined that petitioner is liable for an addition to tax under section 6662(a) because (1) petitioner was negligent or disregarded rules or regulations, or (2) petitioner's deficiency represents a substantial understatement of income tax.  Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 6662(a) imposes an accuracy-related penalty of 20 percent of the portion of the underpayment of tax attributable to the actions set forth in section 6662(b).  Section 6662(b)(2) provides for an addition to tax in the amount of 20 percent for any "substantial understatement of income tax."  A substantial understatement is defined as the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Petitioner reported Federal income tax of $13,373.  Respondent determined in the statutory notice of deficiency that the tax required to be shown on petitioner's return is $19,334.  The Court is satisfied that petitioner substantially understated the income tax required to be shown on his return and that respondent has met his burden of production with respect to the accuracy-related penalty.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, that portion.  Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer.  Sec. 1.6664-4(b)(1), Income Tax Regs.  While the Commissioner bears the burden of production under section 7491(c), the taxpayer bears the burden of proof with regard to reasonable cause. Higbee v. Commissioner, supra at 446.

Petitioner has not demonstrated that he failed to substantiate his claimed deductions in spite of good faith or with reasonable cause.  Petitioner also failed to address at trial the issue of his liability for the accuracy-related penalty.  Therefore, the Court finds petitioner is liable for an accuracy-related penalty under section 6662.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.